UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW L. STREATER, SHAWN DIANE JORDAN, THOMAS P. PAXSON, CARL MALONE, JAMES E. MYERS, and MATTHEW L. BEN d/b/a PROFESSIONAL COLLISION DEALER AUTO GLASS, | Case No. 07-11163 <br><br> Honorable John Corbett O'Meara |
| Plaintiffs, | |
| v. | |
| MICHAEL COX, in his individual and representative capacity as MICHIGAN ATTORNEY GENERAL; FELICIA N. COURTRIGHT, individually and as Assistant Attorney General; NORMAN W. DONKER, individually and as Supervising Assistant Attorney General; GEORGE HARRIS, individually and as a Michigan Law Enforcement Officer; and MICHAEL WILLIAMS, individually and as a Michigan Law Enforcement Officer, Jointly and Severally, | |
| Defendants. | |
| _____/ | |

# OPINION AND ORDER GRANTING
<u>DEFENDANTS' AUGUST 16, 2007 MOTION FOR JUDGMENT ON THE PLEADINGS</u>

This matter came before the court on Defendants' August 16, 2007 Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment. Plaintiffs filed a response September 11, 2007. No reply was filed, and no oral argument was heard. LR 7.1(e)(2)(E.D. Mich. Dec. 1, 2005).

**BACKGROUND FACTS**

In January 2005, defendant Felicia Courtright, an assistant attorney general for the State of Michigan, authorized four felony complaints against plaintiff Matthew Streater for failure to pay child support for four children born to four different women. Plaintiff Streater's motions to quash information and to dismiss complaints were denied, as were his motion for rehearing on those matters. In addition, in September 2005, the Circuit Court for the County of Wayne denied his motion to dismiss the criminal proceedings based on his allegations that the proceedings violated his state and federal constitutional rights. Plaintiff Streater entered separate pleas in all four cases on October 6, 2005.

In April 2006, following a February decision by the Michigan Supreme Court, two of the four cases were dismissed due to a statute of limitations problem with the charging period. See People v. Monaco, 474 Mich. 48 (2006). On April 26, 2006, two new warrants were issued in relation to those cases using the appropriate charging times pursuant to decision rendered in Monaco. Each case was charged with multiple counts of failure to pay child support, one count for each month Streater had failed to pay support. Streater subsequently filed an emergency motion to dismiss the new cases, and the Wayne County Circuit Court consolidated the two new cases with the two outstanding old cases.

On August 29, 2006, Streater was sentenced on the two original files. The sentence was negotiated in part by defendant Norman Donker, Supervising Assistant Attorney General in charge of the Child Support Division. That was Donker's only involvement in the prosecutions.

Plaintiff Streater was sentenced to 60 months' probation and restitution in the amount of $158,901.00. He is required to pay $300 per month on each of the four files for the arrearage in

addition to his current support obligations. Streater was required to make four lump sum payments of $5000, to be divided equally over the four files, on or before August 30, 2006, 2007, 2008, and 2009. Although plaintiff Streater's convictions were the result of a plea agreement, he has challenged their validity in the state appellate courts, filing an August 7, 2007 Application for Leave to Appeal with the Michigan Supreme Court.

All of the other plaintiffs except Streater are co-workers of his who are seeking damages for "lost business" for a six-hour period of time that a search warrant was executed at their place of business. The search warrant was executed March 16, 2005, by defendants George Harris and Michael Williams.

Plaintiffs filed a five-count amended complaint in this court April 16, 2007, alleging violations of 42 U.S.C. § 1983 in Counts I, II, and IV. Count III alleges violations of the Fair Debt Collection Practices Act. Count V, which seeks declaratory judgment regarding the state issued orders, was withdrawn by Plaintiffs in their September 11, 2007 response brief.

## LAW AND ANALYSIS

Plaintiffs have sued Defendants in both their individual and official capacities. Claims against them in their official capacities are barred by the Eleventh Amendment. Pennhurst .v State School & Hosp. v. Halderman, 465 U.S. 89, 99-101 (1984); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996).

Plaintiffs' claims against defendants Attorney General Cox and Assistant Attorneys General Courtright and Donker in their individual capacities are barred by the doctrine of absolute prosecutorial immunity. The United States Supreme Court has extended absolute immunity to shield prosecuting attorneys who are sued under 42 U.S.C. § 1983 for alleged deprivations of constitutional

3

rights committed in performing their prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). The Court noted that those activities "intimately associated with the judicial phase of the criminal process" are functions to which the "reasons for absolute immunity apply with full force." Id. at 430. Moreover, "[a]bsolute prosecutorial immunity is not defeated by showing that a prosecutor acted wrongfully or even maliciously [because] the decision to prosecute . . . 'even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in Imbler.'" Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989). In this case defendants Cox, Donker and Courtright are entitled to absolute prosecutorial immunity as a matter of law.

Plaintiffs claim they are entitled to damages against defendants George Harris and Michael Williams in their individual capacities because the two executed a search warrant at Plaintiffs' place of employment March 16, 2005. They claim they were forced to leave work for six hours while Harris and Williams executed the warrant. Plaintiffs' Fourth Amendment claim seems to implicate an unreasonable seizure--that by being forced to leave their place of employment, their movement was restricted, resulting in a form of seizure. However, the Supreme Court has held that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." Michigan v. Summers, 452 U.S. 692, 705 (1981). In this case the plaintiffs were not "seized" in any way. The were, in fact, allowed to leave the work premises while a search was conducted pursuant to a valid search warrant.

In Saucier v. Katz, 533 U.S. 194 (2001), the Court reiterated that a qualified immunity analysis consists of two inquiries. First, the court must determine whether the alleged facts, taken in a light most favorable to the plaintiff, demonstrate that the law enforcement officer violated a constitutional right. Second, if the court determines that a constitutional deprivation has occurred, it must then

4

determine whether that constitutional right had been clearly established at the time of the violation. In this case, based on Summers, supra, there was no constitutional violation. Therefore, defendants Harris and Williams are entitled to qualified immunity.

Finally, Count III of the amended complaint alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1962, *et seq*. Under the definition of the term "debt collector," however, the Act specifically excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). This provision precludes an action against these defendants, all of whom are State of Michigan employees who were attempting to collect a debt in the performance of their official duties.

## **ORDER**

This order confirms that Plaintiffs have withdrawn Count V of the amended complaint.

It is further **ORDERED** that Defendants' August 16, 2007 motion for judgment on the pleadings is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date: February 28, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 28, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager